UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-21147-UU

VERONICA DORADO,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Bank of America, N.A.'s Motion to Dismiss, D.E. 23. This Motion is fully briefed and ripe for disposition.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised of the premises. For reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

This action stems from Defendant's alleged breach of contract by collecting "post-payment interest," or interest collected by a lender after the borrower has paid the full unpaid principal of the loan, in violation of the promissory note agreed to by the parties (the "Note"). D.E. 1. The following facts are taken from Plaintiff's Complaint.

On March 8, 2011, Pinnacle Capital Mortgage Company loaned Plaintiff money for the purchase of a home in Lynwood, California. D.E. 1 ¶ 48. Defendant thereafter acquired Plaintiff's loan. *Id.* Plaintiff's loan was insured by the Federal Housing Authority ("FHA") and, therefore, subject to FHA regulations. *Id.* Pursuant to FHA regulations, the Note included certain uniform provisions, including a uniform provision that the lender may collect post-payment interest for the remainder of the month in which full payment is made, but only **"to the extent . .**

1

**. permitted by [FHA] regulations.**" *Id.* ¶¶ 3, 49 (emphasis in original). These FHA regulations, in relevant part, prohibit lenders from collecting post-payment interest unless: (1) the borrower makes payment of the full unpaid principal on a day "**other than** [the first of the month]" and (2) the lender provides the borrower with "**a form approved by the [FHA]**." *Id.* ¶ 4 (emphasis in original). The FHA requires use of its approved form because the form explains to borrowers, at the appropriate time, that the lender is seeking to collect post-payment interest, the terms under which the lender can collect post-payment interest, and how borrowers can avoid such charges. *Id.* ¶ 5.

In 2013, Plaintiff re-financed her loan and requested that Defendant provide her with a payoff statement. *Id.* ¶ 50. Defendant provided Plaintiff with a payoff statement dated March 19, 2013 (the "March 2013 Payoff Statement"). *Id.* ¶ 51. Plaintiff alleges that the March 2013 Payoff Statement failed to comply with FHA regulations and that Defendant, therefore, breached the terms of the note by collecting post-payment interest after providing the inadequate March 2013 Payoff Statement. *Id.* ¶¶ 54-58. Specifically, Plaintiff alleges that Defendant violated FHA regulations and consequently breached the Note because Defendant: (1) did not provide Plaintiff with a FHA-approved disclosure form before collecting post-payment interest; and (2) represented on its standard form that Plaintiff would be required to pay post-payment interest— even if payment were to be made on the first of the month—which contravenes FHA regulations. *Id.* On March 20, 2013, Plaintiff paid Defendant the amount necessary to pay off her loan in full. *Id.* ¶ 55.

Based on these underlying allegations, Plaintiff brings one Count for breach of contract. On May 6, 2016, Defendant moved to dismiss Plaintiff's Complaint because: (1) there is no private right of action for violations of FHA or Housing and Urban Development ("HUD")

regulations; (2) Defendant had a pre-existing duty to follow HUD regulations, such that Plaintiff cannot state a claim for breach of contract; and (3) Plaintiff fails to allege facts to show damages caused by Defendant's alleged breach of contract. D.E. 23. Plaintiff responded to each of Defendant's arguments and, moreover, argued that the Motion should be denied even if Plaintiff fails to state a claim for relief because Plaintiff filed this case as a putative class action. D.E. 27.

## LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and

3

common sense. *Id.* at 679.

## DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed for three reasons. First, Defendant argues that there is no private right of action to enforce FHA or HUD regulations and that Plaintiff cannot incorporate these regulations into the Note under California law. Second, Defendant argues that it had a pre-existing duty to follow HUD regulations and, therefore, that Plaintiff cannot state a claim for breach of contract against it. Lastly, Defendant argues that Plaintiff's Complaint fails to allege facts to plausibly show damage caused by Defendant's alleged breach. Plaintiff responds to each of Defendant's arguments and also contends that this case should not be dismissed, even if Plaintiff herself fails to state a claim, because this is a putative class action.

### I. Governing Law

In its Motion, Defendant contends that California provides the substantive law that is to be applied to Plaintiff's claims. D.E. 23 p. 8. Plaintiff appears to agree. *See* D.E. 27 pp. 8-9. Because California law differs from other states' laws with respect to Plaintiff's claims, the Court, in an abundance of caution, addresses which state's law applies to Plaintiff's claims.

Plaintiff's claims are state law claims being brought in federal court under the Court's diversity jurisdiction under 28 U.S.C. § 1332. D.E. 1 ¶ 11. As a federal court sitting in diversity jurisdiction, this Court applies Florida state conflict of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Travelers Cas. & Sur. Co. of Am. v. Winmark Homes, Inc.*, 518 F. App'x 899, 901 (11th Cir. 2013) ("A federal court in a diversity case is required to apply the choice of law rules of the state in which that court sits.").

Florida choice of law rules mandate that California law applies to this action. Under Florida's choice of law rules, the doctrine of *lex loci contractus* applies to breach of contract

claims unless the parties have otherwise agreed to a choice-of-law provision. *Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1091-92 (11th Cir. 2004) (citing *Lumbermens Mut. Cas. Co. v. August,* 530 So. 2d 293, 295 (Fla. 1988)); *Shaps v. Provident Life & Acc. Ins. Co.*, 826 So. 2d 250, 254 n. 3 (Fla. 2002). Under the *lex loci contractus* doctrine, the "laws of the jurisdiction where the contract was executed governs interpretation of the substantive issues regarding the contract." *Syndicate, Inc.*, 363 F.3d at 1092*.* It appears undisputed that the Note at issue here was executed in California, especially given that it pertains to property belonging to a California resident which is located in California, and neither party contends that there is a choice-of-law provision. D.E. 1 ¶¶ 8, 48; *see also Pastor v. Union Cent. Life Ins. Co.*, 184 F. Supp. 2d 1301, 1305 (S.D. Fla. 2002), *aff'd*, 128 F. App'x 100 (11th Cir. 2005) (insurance contracts executed in New Jersey where they "were delivered to [Plaintiff] in New Jersey while he was a resident of that state"). Accordingly, California law applies.

## II.  Whether Plaintiff Can State a Breach of Contract Claim Based on Violations of FHA or HUD Regulations

Defendant argues that Plaintiff cannot state a claim for breach of the Note where, as here, such a breach is predicated on violations of FHA or HUD regulations. Specifically, Defendant relies on *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal. App. 4th 1250, 1255 (Cal. Ct. App. 2012), which it argues "unequivocally" held that a plaintiff could not bring a breach of contract claim to enforce HUD regulations, even where such regulations were incorporated into the relevant loan documents. D.E. 23 pp. 10-11. Defendant argues that this Court is bound by *Pfeifer*, as there is: (1) no contrary authority under California law; and, moreover, (2) no convincing reason to believe that the California Supreme Court would overrule *Pfeifer*. *Id.* pp. 11-12; D.E. 37 pp. 2-4.

Plaintiff raises four arguments in response. First, Plaintiff argues that the Eleventh Circuit

Court of Appeals' decision in *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126 (11th Cir. 2014) has "expressly recognized that borrowers can assert a claim for damages under state contract law for violation of incorporated HUD regulations." D.E. 27 p. 7. Second, Plaintiff argues that the "vast majority of courts have expressly held that borrowers can assert a claim for damages arising under state contract law for violation of incorporated HUD regulations." *Id.* Third, Plaintiff argues that *Pfeifer* is not binding on this Court, as it was not decided by the California Supreme Court and is otherwise distinguishable from this case. *Id.* pp. 8-9.

Specifically, Plaintiff argues that *Pfeifer* is distinguishable from this case because: (1) the plaintiffs in *Pfeifer* did not seek damages under state contract law for violation of incorporated HUD regulations, but instead **only** sought equitable relief, such that the court's statements regarding legal relief is *dictum*; (2) no California court has "applied the *dictum* in *Pfeifer* to prohibit a borrower from seeking damages under state contract law for violation of incorporated HUD regulations;" and (3) the reasoning in *Pfeifer* is, in any event, "not remotely persuasive." *Id.* pp. 9-13. Moreover, Plaintiff argues that her breach of contract claim should not be dismissed—regardless of the applicability of *Pfeifer*—because Section 2 of the Note, on its face, prohibits post-payment interest without respect to governing FHA or HUD regulations. *Id.* pp. 13-14.

The Court agrees with Plaintiff. As an initial matter, the Court must apply California law to Plaintiff's claim for breach of contract. In interpreting California law, a court should first look to precedent from the California Supreme Court. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1021 (11th Cir. 2014). In the absence of such authority, a court is "'bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.'" *Id.* (quoting *Provau v. State*

*Farm Mut. Aut. Ins. Co.*, 772 F.2d 817, 820 (11th Cir. 1985)). But if there is no binding decision from an intermediate appellate court, a court should then "look to all available data . . . keeping in mind that it must choose the rule which it believes the state court, from all that is known about its methods of reaching decisions[,] is likely in the future to adopt." *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009).

There is no precedent from the California Supreme Court addressing the question at issue here, which is whether Plaintiff can state a claim for breach of contract by incorporating FHA or HUD regulations where Defendant allegedly failed to comply with such regulations.[1] And the only recorded California decisions that appear to address this issue, and the only decisions cited in the parties' briefing, are two California state appellate court decisions, *Pfeifer*, 211 Cal. App. 4th at 1282 and *Fonteno v. Wells Fargo Bank, N.A.*, 228 Cal. App. 4th 1358, 1367 (Cal. Ct. App. 2014), and one California federal court decision, *Urenia v. Public Storage*, No. CV-13-01934-DDP-AJWX, 2013 WL 4536562, at *2 (C.D. Cal. Aug. 27, 2013). These three cases are readily distinguishable from this case.

In *Pfeifer*, the plaintiffs, who were defaulting borrowers, faced nonjudicial foreclosure of their home. The plaintiffs held a mortgage insured by the FHA. *Pfeifer*, 211 Cal. App. 4th at 1258-59. The deed of trust pertaining to this mortgage provided that "[w]hen a default occurs . . . the [l]ender may, except as limited by regulations issued by the Secretary, in the case of payment

---

[1] The Court rejects Plaintiff's argument that she states a breach of contract claim based strictly on Section 2 of the Note, in the absence of FHA or HUD regulations, as there is nothing in the plain language of this section which could possibly require that Defendant refrain from collecting "post-payment interest." D.E. 1-4 p. 2; *see also Serv. Employees Inter. Union, Local 99 v. Options--A Child Care & Human Servs. Agency*, 200 Cal. App. 4th 869, 879 (Cal. Ct. App. 2011) ("We interpret a contract so as to give effect to the mutual intention of the contracting parties at the time the contract was formed . . . [and] ascertain that intention solely from the written contract if possible . . . .").

defaults, require immediate payment in full of all sums secured by this Security Instrument," and that the "Security Instrument does not authorize acceleration of foreclosure if not permitted by regulations of the Secretary." *Id.* The plaintiffs argued that the deed of trust incorporated HUD regulations, that the defendant violated those regulations when it initiated foreclosure proceedings without first offering a face-to-face meeting (as required by HUD regulations) and, therefore, that plaintiffs stated a claim for breach of contract and declaratory relief to enjoin the nonjudicial foreclosure procedure. *Pfeifer*, 211 Cal. App. 4th at 1264, 1282. The trial court dismissed the plaintiffs' complaint, with prejudice, and the plaintiffs appealed. *Id.* at 1260.

The California Court of Appeals for the First District reversed the trial court with respect to equitable relief and affirmed with respect to Plaintiff's remaining claims, explaining that: (1) "the deed of trust expressly incorporated regulations issued by the HUD Secretary, including the requirement of a face-to-face interview;" (2) the face-to-face interview was a condition precedent that "must be followed prior to acceleration and foreclosure;" and (3) plaintiffs were, therefore, entitled to present a claim to the trial court to enjoin the nonjudicial foreclosure. *Id.* at 1274, 1282-83.

The Court finds that *Pfeifer* is distinguishable from this case for two reasons. First, *Pfeifer* addressed whether plaintiffs could bring claims where a bank sought to foreclose on a property and not, as here, where a borrower indisputably paid the amount necessary to pay off a loan in full. *Compare id.* at 1255 *with* D.E. 1 ¶ 55. In other words, unlike Plaintiff here, the *Pfeifer* plaintiffs **owed the lender** money and did not seek to recover funds wrongly collected by the lender. Second, *Pfeifer* expressly limited its holding to the "HUD regulations **at issue here**," which were HUD servicing regulations that required a face-to-face interview as a condition precedent to foreclosure. *Pfeifer*, 211 Cal. App. 4th at 1264 (emphasis added). Here, Plaintiff

alleges breach of contract claim to recover money already paid to Defendant and does so based on Defendant's alleged violation of entirely different regulations—namely the regulation requiring that a lender provider a borrower with a FHA-approved form before collecting "post-payment interest." D.E. 1 ¶¶ 3-4.

The two other California court decisions, *Fonteno* and *Urenia*, demonstrate that the holding in *Pfeifer* is limited to foreclosure actions where the plaintiff seeks equitable relief based on incorporation of the face-to-face meeting requirement set forth in HUD regulations. In *Fonteno*, the court reversed the trial court's dismissal of the plaintiff's claims for equitable cancellation of the trustee's deed where the defendant allegedly violated a "deed of trust's incorporation of a pre-foreclosure meeting requirement contained in the National Housing Act." *Fonteno*, 288 Cal. App. 4th at 1360, 1381. In doing so, the court noted that the plaintiffs were, as in *Pfeifer*, "defaulting borrowers facing the nonjudicial foreclosure of their home by the defendants." *Id.* at 1365. The court therefore held that, based on *Pfeifer*, the plaintiffs stated a claim. *Id.* at 1368, 1381.

In *Urenia*, the court held that the plaintiffs failed to state a claim for "foreclosure to be set aside" (*i.e.*, for equitable relief), based on *Pfeifer*, because "after a foreclosure happens a plaintiff may not use [HUD] regulations to 'bring a private right of action against the lenders.'" *Urenia*, 2013 WL 4536562, at *2. In the context of setting aside a foreclosure, *Urenia* drew a distinction between using HUD regulations "defensively as an affirmative defense . . . [versus] in an offensive cause of action against the mortgagee." *Id.*

The Court concludes that *Pfeifer*, *Fonteno* and *Urenia* are not binding, or even persuasive, authority because these cases addressed claims for equitable relief brought by plaintiffs in the context of foreclosures by lenders, but did not address claims for legal relief in

9

the context of paying off a mortgage. Moreover, after "look[ing] to all available data," the Court concludes that a California court would most likely apply the majority rule that "breach of contract claims based on a failure to comply with HUD regulations" are viable where the mortgage instrument expressly incorporates HUD regulations. *See, e.g.*, *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1131 (11th Cir. 2014); *Donlon v. Evolve Bank & Trust*, No. CIV. JFM-12-2384, 2014 WL 1330522, at *5 (W.D. Tenn. Mar. 31, 2014) ("Still, although the HUD regulations do not themselves create a private right of action, a violation of the Handbook may sustain a breach of contract claim where a final agreement expressly incorporates the Handbook's various terms."); *Hernandez v. Home Sav. Ass'n of Dallas Cty.*, 606 F.2d 596, 601 (5th Cir. 1979) (finding that HUD regulations incorporated into mortgage documents become part of the contract); *see also Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011) (denying motion to dismiss with respect to breach of contract claim where Bank of America subsidiary did "not argue that the HUD regulations are not incorporated by reference in the Note and Deed of Trust nor that the violation of such regulations cannot provide the basis for a breach of contract claim"). Accordingly, Plaintiff can state a claim for breach of contract based on incorporation of FHA or HUD regulations.

**II.    Whether the Pre-Existing Duty Rule Precludes Plaintiff's Breach of Contract Claim**

Defendant also argues that even if Plaintiff could state a claim under California law based on violations of FHA or HUD regulations, her Complaint still fails because Defendant "already had a pre-existing duty to follow those regulations—and a promise to follow the law is unenforceable as a matter of contract law." D.E. 23 pp. 12-13.

In response, Plaintiff raises four arguments. First, Plaintiff argues that Defendant had no

10

pre-existing duty to loan Plaintiff money and that, for this reason, this case falls outside the scope of the pre-existing duty rule. D.E. 27 p. 16. Second, Plaintiff argues that Defendant only owed a pre-existing duty to HUD to comply with HUD regulations, such that Defendant's promise to comply with these regulations in the Note constituted an additional promise intended to benefit Plaintiff. *Id.* pp. 16-17. Third, Plaintiff argues that because "there is no concern that [Defendant] used its pre-existing duty to comply with HUD regulations or hold-up or coerce [Plaintiff] into additional considerations," the pre-existing duty rule serves no legitimate purpose and should not be applied. *Id.* p. 18. Lastly, Plaintiff argues that the pre-existing duty rule does not apply because Defendant's alleged breach of contract is based on a breach of the plain terms of Section 2 of the Note and, therefore, is not necessarily dependent on violations of FHA or HUD regulations. *Id.* pp. 18-19.

The pre-existing duty rule does not preclude Plaintiff's claim. The California Supreme Court has explained that "if the bargained-for performance rendered by the promisee includes something that is not within the requirements of his pre-existing duty, the law of consideration is satisfied." *Raedeke v. Gibraltar Sav. & Loan Assn.*, 517 P.2d 1157, 1162 n. 3 (Cal. 1974). In other words, "[i]t makes no difference that the agreed consideration consists almost wholly of a performance that is already required and that this performance is the main object of the promisor's desire. **It is enough that some small additional performance is bargained for and given.**" *Id.* (emphasis added). Here, Plaintiff alleges that it agreed to pay interest, according to the terms of the Note, in exchange for a loan in the amount of $248,535.00. D.E. 1 ¶ 48; D.E. 1-4 p. 2. This is more than enough to remove this case from the purview of the pre-existing duty rule. *See, e.g.*, *Raedeke*, 517 P. 2d at 1162 n. 3.

### III.	Whether Plaintiff Adequately Pleaded Damages

Defendant also argues that Plaintiff failed to adequately allege damages stemming from Defendant's alleged breach of the Note. The Court is not persuaded by Defendant's argument. *See, e.g.*, *StreamCast Networks, Inc. v. IBIS LLC*, No. CV 05-04239MMM(EX), 2006 WL 5720345, at *5 (C.D. Cal. May 2, 2006) (plaintiff adequately pleaded damages by generally "identif[ying] the breach that [Defendant] has allegedly committed . . . [and] that it has been damaged as a result"); *see also Arthur J. Gallagher & Co. v. Lang*, No. C 14-0909 CW, 2014 WL 4354670, at *3 (N.D. Cal. Sept. 2, 2014) ("At the pleading stage, a plaintiff need only make a 'short and plain statement' showing that it is entitled to relief.").

### IV.	Whether Plaintiff Can State a Claim on Behalf of Unnamed Putative Class Members

In Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Plaintiff argues that she is entitled to proceed with this case **even if** she fails to state a claim. D.E. 27 p. 23. While the Court need not reach this to resolve Plaintiff's claims, it notes that Plaintiff is mistaken. *Speier-Roche v. Volkswagen Grp. of Am. Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *1 (S.D. Fla. Apr. 30, 2014) (Moreno, J.) (dismissing putative class action complaint where named plaintiff failed to state a claim); *Case v. Miami Beach Healthcare Grp., Ltd.*, No. 14-24583-CIV, 2016 WL 1622289, at *4 (S.D. Fla. Feb. 26, 2016) (Martinez, J.) (same); *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1370 (S.D. Fla. 2007) (Cohn, J.) (same). Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion, D.E. 23, is DENIED. Defendant SHALL file an Answer to Plaintiff's Complaint no later than **Thursday, August 4, 2016,** as required by Fed. R. Civ. P. 12(a)(4)(A). It is further

ORDERED AND ADJUDGED that the Motion for Hearing, D.E. 28, is DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida this 21st day of July 2016.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　URSULA UNGARO

　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE