IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VERONICA DORADO, individually and on
behalf of a class of similarly situated persons,

     Plaintiff,

vs.

BANK OF AMERICA, N.A.,

     Defendant.

CIVIL ACTION
NO. 1:16-cv-21147-UU

CLASS ACTION
JURY TRIAL DEMANDED

## ORDER PRELIMINARILY CERTIFYING A SETTLEMENT CLASS AND PRELIMINARILY APPROVING THE CLASS SETTLEMENT

THIS CAUSE is before the Court upon Plaintiff's Motion for Preliminary Approval of Class Settlement, D.E. 107.

The COURT has considered the Motion and pertinent portions of the record and is otherwise fully advised of the premises.

Plaintiff Veronica Dorado ("Plaintiff") and Bank of America, N.A. ("BANA") have entered into a settlement agreement (the "Settlement"), which, if approved by this Court, will resolve Plaintiff's and the class's claims against BANA as alleged in the Amended Complaint. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff has made an application with this Court for an order certifying a class solely for purposes of effectuating the Settlement, and approving the Settlement of this Action.

Having reviewed the Settlement and the Motion for Preliminary Approval, the Court finds that the Motion for Preliminary Approval should be GRANTED. The Court hereby gives its preliminary approval to the Settlement, subject to the Final Approval Hearing for purposes of deciding whether to grant final approval to the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     The Court finds that the settlement negotiations were conducted at arm's-length and in good faith and preliminarily approves the Settlement as fair, just, reasonable, and adequate as to the members of the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

2.     Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only and contingent upon the Settlement being finally approved, the Court preliminarily certifies the following Settlement Class:

> Any person who had a FHA-insured loan for which (i) the loan was originated between June 1, 1996, and January 20, 2015; (ii) one of the Releasees (defined in 19 below)—as of the date the total amount due on the loan was brought to zero—was the lender, mortgagee, or otherwise held legal title to the note; (iii) one of the Releasees collected interest for any period after the total amount due on the loan was brought to zero (i.e., BANA collected "post-payment interest"); and (iv) one of the Releasees collected post-payment interest during the statute of limitations period applicable for the loan as shown by Exhibit A ("Settlement Class").

3.     As set forth in the Settlement, the Settlement Class members will be divided into two groups—i.e., Group 1 Class Members and Group 2 Class Members.  Approximately 81% of the Settlement Class members are Group 1 Class Members.  Group 1 Class Members are Settlement Class members who, in response to a pre-payment inquiry, request for payoff figures, or tender of prepayment, were sent information about post-payment interest on a form the same as those found at BANADORADO0000000632, 644–46, 667, 674, 2076, 2082, 2087, 2094,

2

2109, 2123, 2142–43, 2151, 2161, 2181, 2201, 2215, 2226, 2305–06, 2312, 2334, 2338, 2349, 2357, 2367, 2384, 2399, 2411, 2418, 2434, 2446, 2459, 2468, 2488, 2491, 2570–71, or 2610.

Approximately 19% of the Class are Group 2 Class Members. Group 2 Class Members are Settlement Class members who, in response to a pre-payment inquiry, request for payoff figures, or tender of prepayment, were not sent one of the above-referenced forms.

4.    For the purposes of the Settlement only, the Court preliminarily finds that the requirements of a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.    For the purposes of the Settlement only, the Court appoints Plaintiff Veronica Dorado as the Settlement Class Representative and the following attorneys as Class Counsel for the Settlement Class:

> Steven J. Rosenwasser
> Naveen Ramachandrappa
> Fredric J. Bold, Jr.
> BONDURANT, MIXSON & ELMORE, LLP
> 3900 One Atlantic Center
> 1201 West Peachtree Street, N.W.
> Atlanta, Georgia 30309-3417
>
> Adam Hoipkemier
> Jeff DeLoach

3

Kevin Epps
EPPS. HOLLOWAY, DELOACH & HOIPKEMIER, LLC
6 Concourse Parkway, #2920
Atlanta, Georgia 30328

Brett Amron
Jeremy Korch
BAST AMRON, LLP
One Southeast Third Avenue
Suite 1400
Miami, FL 33131

6.    A hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be

held before this Court on **Thursday, <u>March 23, 2017,</u> at 11:00 a.m.** ("Final Approval Hearing")

for the following purposes:

a.   to finally determine whether the Settlement is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court;

b.   to finally determine for purposes of the Settlement only whether this Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3);

c.   to consider any application by Settlement Class Counsel for payment or reimbursement of attorneys' fees, costs, and expenses;

d.   to consider any application for a Class Representative Service Award;

e.   to consider whether to enter, without material alteration, the final judgments contemplated in the Settlement and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Settlement, should be provided;

f.   to consider any Settlement Class member's objections to the Settlement and/or any application by Settlement Class Counsel for payment or reimbursement of attorneys' fees, costs, and expenses and any application for a Settlement Class Representative Service Award; and

g.   to rule upon such other matters as the Court may deem appropriate.

7.    Per the terms of the Settlement, BANA shall select a notice and claims

administrator ("Administrator") with Plaintiff's consent, and the Parties shall notify the Court of

4

the name of the Administrator as soon as practicable and, in any event, no later than **December 27, 2016.**

8.      The Court approves the form and substance of the Mailed Notice for Group 1 (attached hereto as Exhibit B), the form and substance of the Mailed Notice for Group 2 (attached hereto as Exhibit C), and the Publication Notice (attached hereto as Exhibit D).

9.      The Administrator shall cause the Mailed Notices, substantially in the form attached hereto, to be mailed, by first class mail, postage prepaid, no later than **January 6, 2017** to all members of the Settlement Class whose names and last known addresses are readily ascertainable from the electronic data provided by BANA pursuant to the Settlement.  Within **fifteen (15) calendar days** of final selection of an Administrator, BANA will provide the Administrator with the following information, if available, for each Settlement Class member: (i) name; (ii) last known address; (iii) social security number; (iv) whether, based on the available data on its servicing platforms, the Settlement Class member is determined to be a Group 1 Class Member or a Group 2 Class Member; and (v) based on the available data on its servicing platforms, BANA's calculation of the amount of post-payment interest it collected.  Prior to mailing, the Administrator shall attempt to update the last known addresses of the Settlement Class members through the National Change of Address system or similar databases.  Notices returned with a forwarding address shall be re-mailed to the new address within three (3) calendar days.  Additional copies of the Mailed Notice shall be made available to any individual who requests a copy from the Administrator.  The Administrator shall not be obligated to undertake additional mailing efforts.  BANA's counsel shall, at or before the Final Approval Hearing, file with the Court proof of mailing of the Mailed Notice.

10.     The Court directs that the Administrator shall submit the Publication Notice to be published in *USA Today* no later than **January 6, 2017.** The Publication Notice shall run for three (3) consecutive days and be no smaller than 1/8 of a page. BANA's counsel shall, at or before the Fairness Hearing, file with the Court proof of publication of the Publication Notice.

11.     The form and content of the Mailed Notices and the Publication Notice, and the method set forth herein of notifying members of the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court finds that the Mailed Notices and Publication Notice constitute the best notice practicable under the circumstances, and that they are reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of this Action and their right to object or exclude themselves from the Settlement, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12.     The Administrator shall also set up a website, no later than **January 6, 2017,** which shall be accessible to the public and contain at least the following pleadings when available: (i) the Amended Complaint; (ii) the Mailed Notices; (iii) the Settlement; (iv) this Order; and (v) any application for attorneys' fees and expenses or class representative service award.

13.     Members of the Settlement Class shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A member of the Settlement Class wishing to make such request shall mail the request in written form to the address designated in the Notice, and the request must be received by the Administrator no later than **February 6, 2017.** The opt-out statement must be a written, signed,

6

and dated statement indicating that the Settlement Class member is opting out of the Settlement

Class and understands that he or she will receive no money from the Settlement of this Action.

To be effective, this opt-out statement must include the Settlement Class member's name and

last four digits of their social security number and be personally signed and dated by the

Settlement Class member.  The request for exclusion shall not be effective unless it provides the

required information and is made within the time stated above.

14.     Members of the Settlement Class requesting exclusion shall not be entitled to

receive any payment out of the Settlement Fund as described in the Settlement.

15.     The Court will consider comments and/or objections to the Settlement only if, no

later than **February 6, 2017,** such comments or objections and any supporting papers are

received by the Clerk of this Court *and* copies of all such papers are mailed or delivered to each

of the following:

> To Plaintiff and the Settlement Class:
>     Steven Rosenwasser
>     Naveen Ramachandrappa
>     Bondurant, Mixson & Elmore, LLP
>     1201 W. Peachtree Street
>     Suite 3900
>     Atlanta, GA 30309
>
> To BANA:
>     Allen Burton
>     O'Melveny & Myers LLP
>     7 Times Square
>     New York, NY 10036

16.     To be valid and considered by the Court, an objection must (i) be received no later

than **February 6, 2017**; (ii) state each objection the Class member is raising and the specific

legal and factual bases for each objection; (iii) include proof that the individual is a member of

the Settlement Class; (iv) identify, with specificity, each instance in which the Settlement Class

7

member or his or her counsel has objected to a class action settlement in the past five years; and (v) be personally signed by the Settlement Class member. All evidence and legal support a Settlement Class member wishes to use to support an objection must be filed with the Court and sent to the Parties by the Objection Deadline. An objection will be barred if the requirements set forth herein are not followed.

17. Attendance at the Final Approval Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. Members of the Settlement Class need not appear at the hearing or take any other action to indicate their approval of the Settlement. Plaintiff and BANA may file responses to any objections that are submitted.

18. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of choice, provided that the Settlement Class member timely files and serves an objection and also files a Notice of Intention to Appear with the Clerk of Court no later than **March 3, 2017.** A Settlement Class member who wishes to appear at the Final Approval Hearing must also send a copy of the Notice of Intention to Appear to BANA's Counsel and to Settlement Class Counsel no later than **March 3, 2017.** Failure to adhere to the requirements of this Section will bar a Settlement Class member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise so orders. Settlement Class members who do not enter an appearance will be represented by Settlement Class Counsel.

19.     Pending final determination of whether the Settlement should be approved, the Plaintiff, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute and are preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against BANA and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf, as well as any past, present, or future person or any entity that held any interest in the Loan and the underlying Note or Security Instrument at the time the full outstanding balance was brought to zero,[1] including, but not limited to, Bank of America Corporation and all of its subsidiaries and affiliates (collectively, "Releasees") as those entities are defined in the Settlement based on, relating to, or arising out of the claims and causes of action in the Complaint or the Released Claims; and (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding against BANA and the Releasees as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action),

---

[1] Loan and the underlying Note or Security Instrument refer only to those FHA-insured loans that are identified in the mortgagee data listed in BANADORADO000002680 and BANADORADO000003800, or FHA-insured Loans that paid off after March 31, 2016, and the related notes and security instruments.

9

based on, relating to, or arising out of the claims and causes of action in the Complaint or the Released Claims.

20.     Settlement Class Counsel shall file a Motion for Final Approval of Class Action Settlement no later than **March 3, 2016.**

21.     If the Settlement is finally approved, the Court shall enter a Final Stipulated Judgment Terminating Action, which judgment shall be binding upon all members of the Settlement Class who have not previously requested exclusion in accordance with this Order and the terms of the Settlement.

22.     In the event that the proposed Settlement is not approved by the Court, or entry of a Final Stipulated Judgment Terminating Action does not occur for any reason, then the Settlement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith, shall become null and void, and shall not be used or referred to for any purpose in this Action or in any other proceeding. In such event, the Settlement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any of the Parties thereto, who shall be restored to their respective positions as they existed on the date before execution of the Settlement.

23.     Settlement Class Counsel is not applying for an award of attorneys' fees and expenses or a class representative service award at this time, but rather will make such an application prior to the disbursement of the Net Settlement Fund. The Court will consider Settlement Class Counsel's applications when submitted.

24.     Any application by Settlement Class Counsel for payment or reimbursement of litigation costs or expenses or for a class representative service award shall be filed with the Court no later **January 23, 2017.**

10

25.     The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and without further notice to the Settlement Class where to do so would not materially limit the rights of Settlement Class members.

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DONE AND ORDERED in Chambers at Miami, Florida, this ⁷ day of December, 2016.

_Ursula Ungaro_

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided to: counsel of record

11

# Exhibit A

| State | Written Contract | Source |
|---|---|---|
| Alabama | 6 years | Ala. Code § 6-2-34 |
| Alaska | 3 years | Alaska  Stat. § 09.10.053 |
| Arizona | 6 years | Ariz. Rev. Stat. § 12-548 |
| Arkansas | 5 years | Ark. Code Ann. § 16-56-111 |
| California | 4 years | Cal. Civ. Proc. Code § 337 |
| Colorado | 3 years | Colo. Rev. Stat. § 13-80-101 |
| Connecticut | 6 years | Conn. Gen. Stat. § 52-576 |
| Delaware | 3 years | Del. Code Ann. 10 § 8106 |
| D.C. | 3 years | D.C. Code § 12-301 |
| Florida | 5 years | Fla. Stat. Ann. § 95.11 |
| Georgia | 6 years | O.C.G.A. § 9-3-24 |
| Hawaii | 6 years | Haw. Rev. Stat. § 657-1 |
| Idaho | 5 years | Idaho Code § 5-216 |
| Illinois | 10 years | 735 Ill. Comp. Stat 5/13-206 |
| Indiana | 6 years | Ind. Code Ann. § 34-11-2-9 |
| Iowa | 10 years | Iowa Code § 614.1 |
| Kansas | 5 years | Kan. Stat. Ann. § 60-511 |
| Kentucky | 10 years | Ky. Rev. Stat. Ann. § 413.160 |
| Louisiana | 10 years | La. Civil Code § 3499 |
| Maine | 6 years | 14 Me. Rev. Stat. Ann. 14 § 752 |
| Maryland | 3 years | Md. Courts & Jud. Proc. Code § 5-101 |
| Massachusetts | 6 years | Mass. Ann. Laws. Ch. 260 § 2 |
| Michigan | 6 years | Mich. Comp. Laws § 600.5807 |
| Minnesota | 6 years | Minn. Stat. Ann. § 541.05 |
| Mississippi | 3 years | Miss. Code Ann. § 15-1-49 |
| Missouri | 10 years | Mo. Rev. Stat. § 516.110 |
| Montana | 8 years | Mont. Code Ann. § 27-2-202 |
| Nebraska | 5 years | Neb. Rev. Stat. § 25-205 |
| Nevada | 6 years | Nev. Rev. Stat. Ann. § 11.190 |
| New Hampshire | 3 years | N.H. Rev. Stat. Ann. § 508:4 |
| New Jersey | 6 years | N.J. Stat. Ann. § 2a:14-1 |
| New Mexico | 6 years | N.M. Stat. Ann. § 37-1-3 |
| New York | 6 years | N.Y. Civ. Prac. Laws & Rules § 213 |
| North Carolina | 3 years | N.C. Gen. Stat. § 1-52 |
| North Dakota | 6 years | N.D. Cent. Code § 28-01-16 |
| Ohio | 8 years | Ohio Rev. Code Ann. § 2305.06 |
| Oklahoma | 5 years | Okla. Stat. Ann. tit. 12 § 95 |
| Oregon | 6 years | Or. Rev. Stat. § 12.080 |
| Pennsylvania | 4 years | 42 Pa. Cons. Stat. Ann. § 5525 |
| Rhode Island | 10 years | R.I. Gen. Laws § 9-1-13 |
| South Carolina | 3 years | S.C. Code Ann. § 15-3-530 |

| South Dakota | 6 years | S.D. Codified Laws Ann. § 15-2-13 |
|---|---|---|
| Tennessee | 6 years | Tenn. Code Ann. § 28-3-109 |
| Texas | 4 years | Tex. Civ. Prac. & Rem. Code § 16.004 |
| Utah | 6 years | Utah Code Ann. § 78B-2-309 |
| Vermont | 6 years | Vt. Stat. Ann. tit. 12 § 511 |
| Virginia | 5 years | Va. Code Ann. § 8.01-246 |
| Washington | 6 years | Wash. Rev. Code Ann. § 4.16.040 |
| West Virginia | 10 years | W. Va. Code § 55-2-6 |
| Wisconsin | 6 years | Wis. Stat. Ann. § 893.43 |
| Wyoming | 10 years | Wyo. Stat. § 1-3-105 |

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## AND RELEASE OF CLAIMS

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*IF YOU PREPAID AN FHA-INSURED LOAN WITH BANK OF AMERICA ON A DAY OTHER THAN THE FIRST OF THE MONTH, YOUR LEGAL RIGHTS MAY BE AFFECTED, AND YOU MAY BE ENTITLED TO BENEFITS FROM A PROPOSED CLASS ACTION SETTLEMENT*

This Notice informs you about a class action lawsuit and proposed settlement. Currently pending in the United States District Court for the Southern District of Florida is an action entitled *Dorado v. Bank of America, N.A.*, Case No. 1:16-cv-21147-UU ("the Action"). Without admitting liability, Bank of America, N.A. ("BANA"), has agreed to a settlement with plaintiff and the class (the "Settlement"). On **December --, 2016**, Judge Ursula M. Ungaro tentatively approved a proposed Settlement in the Action. This Notice advises you of the benefits that may be available to you under the proposed Settlement and your rights and options as a Settlement Class Member, and notifies you that a Fairness Hearing will be held on **March--, 2017**, to approve the Settlement.

## WHAT IS THE ACTION ABOUT?

**1. What are the allegations?** On March 31, 2016, Plaintiff Veronica Dorado filed this Action asserting individual and class-wide breach-of-contract claims against BANA. The Action contends that BANA breached the promissory notes underlying the class's FHA-insured home loans when, in violation of FHA regulation 24 C.F.R. § 203.558 (which was incorporated into the promissory notes), BANA collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing an FHA-approved payoff disclosure to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment. The FHA-insured loans at issue were (i) entered into between June 1, 1996 and January 20, 2015, (ii) prepaid within the statutes of limitations applicable to the loans, and (iii) owned by BANA or for which BANA otherwise held legal title. BANA denies that it is liable for any of the claims asserted in the lawsuit.

**2. Who are the Class members?** On December ---, 2016, for purposes of settlement only, the Court preliminarily certified a class defined as: Any person who had a FHA-insured loan for which (i) the loan was originated between June 1, 1996 and January 20, 2015; (ii) one of the Releasees (as defined in 2 below)—as of the date the total amount due on the loan was brought to zero—was the lender, mortgagee, or otherwise held legal title to the note; (iii) one of the Releasees collected interest for any period after the total amount due on the loan was brought to zero (i.e., BANA collected "post-payment interest"); and (iv) one of the Releasees collected post-payment interest during the statute of limitations period applicable for the loan as shown by Exhibit A.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

**1. What does the Settlement provide?**

The Settlement provides that BANA will pay Twenty Nine Million Dollars ($29,000,000) to settle the class action (the "Settlement Amount"), divided between two groups. Group 1 consists of Class Members who, in response to an inquiry, request for payoff figures, or tender of pre-payment, were sent information about post-payment interest on a form the same as those found at BANADORADO0000000632, 644–46, 667, 674, 2076, 2082, 2087, 2094, 2109, 2123, 2142–43, 2151, 2161, 2181, 2201, 2215, 2226, 2305–06, 2312, 2334, 2338, 2349, 2357, 2367, 2384, 2399, 2411, 2418, 2434, 2446, 2459, 2468, 2488, 2491, 2570–71, or 2610 (available at www.-----.com). Group 2 consists of Class Members, who, in response to an inquiry, request for payoff figures, or tender of pre-payment, were not sent information about post-payment interest on a form the same as those found above. Each Class Member who does not timely opt out of the Settlement will be entitled to receive a "Class Member Award." $17,000,000 of the Settlement Amount has been allocated to Group 1. **You are receiving this Notice because the parties believe you are a member of Group 1.**

The parties have also agreed that, subject to the Court's final approval, the lead plaintiff shall be entitled to an award of $10,000 as an incentive award in recognition of the amount of time and effort expended by her in acting as class representative. Additionally, subject to the Court's final approval, Class Counsel shall be entitled to an award of attorneys' fees and costs of up to 33% of the Settlement Amount. The Plaintiff's incentive award and Class Counsel's fees will be deducted from the total $29,000,000 Settlement Amount.

Each Group 1 Class Member will receive a refund of a percentage of the amount of post-payment interest collected in connection with his or her paid-off FHA-insured mortgage loan. The exact amount of each Class Member's award will depend upon the number of class members who opt out of the Settlement, but in no event will the amount exceed the actual post-payment interest that each Class Member paid to BANA. The amount will be determined as follows: (i) the Administrator will sum the total amount of post-payment interest BANA collected from all Group 1 Class Members who do not opt out; (ii) the Administrator will divide each Group 1 Class Member's individual post-payment interest by the total amount of post-payment interest BANA collected from all Group 1 Class Members who do not opt-out of the Settlement; and (iii) the Administrator will multiply the percentage in (ii) by the Settlement Amount allocated to Group 1 Class Members (after first deducting for the incentive award and attorneys' fees and expenses).

The Settlement also provides that within 60 days of the Effective Date, as defined in the Settlement Agreement (available at www.-----.com), and for a period of three years, BANA shall provide to borrowers of FHA-insured loans that originated between June 1, 1996 and January 20, 2015 who make a pre-payment inquiry, request for payoff figures, or tender of prepayment a post-payment interest disclosure in a form that complies with 24 C.F.R. § 203.558.

**2. Release of Claims.** If the Settlement is finally approved, each Class Member who has not opted out of the Settlement Class releases, waives, and forever discharges BANA and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents

QUESTIONS? VISIT [website]

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

(alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf, as well as any past, present, or future person or any entity that held any interest in the Loan and the underlying Note or Security Instrument at the time the full outstanding balance was brought to zero, including, but not limited to, Bank of America Corporation and all of its subsidiaries and affiliates (collectively, "Releasees") with respect to post-payment interest as well as any claim or issue relating to or arising out of any of the claims that were asserted in the Action, including any and all claims for damages, injunctive relief, interest, attorneys' fees, and litigation expenses ("Released Claims"). You may review the entire release and the definitions of "Released Claims" in the Settlement Agreement, which you can find at www.----------.com.

## FAIRNESS HEARING

The federal district court overseeing the action has preliminarily approved the proposed Settlement as fair, adequate, and reasonable. **The Court will hold a Fairness Hearing on March --, 2017 to determine whether to give final approval to the proposed Settlement.** If finally approved, the Settlement will provide payment to members of the Class and require BANA to provide disclosures relating to post-payment interest in a form that complies with 24 C.F.R. § 203.558 for a period of three years. **You are not required to attend the hearing in order to participate in the Settlement.**

## WHAT CAN YOU DO?

**1. Do Nothing.** You may take no action in response to this Notice. If you take no action, and the Settlement is approved, you will receive payment pursuant to the Settlement and you will be deemed to have released BANA and the other Releasees as described above and more fully at www.-----.com.

**2. Opt Out Of The Settlement Class.** If you would not like to be a part of the Settlement Class, you may opt out. To exclude yourself from the Settlement and the Class, you must send or deliver a written request clearly stating your decision to the Administrator at the following address: _____. You must include your name and the last four digits of your social security number; the request must be personally signed and dated by you and received by the Administrator **no later than February --, 2017**; and the request must also state that you understand that you will receive no money from the Settlement. Class Members who do not opt out will be bound by the proposed Settlement and judgment, including the release of claims described above. Class Members who opt out will not be bound by the proposed Settlement or judgment, including the release of claims described above, and will not be entitled to any of the benefits of the proposed Settlement.

**3. Object To The Settlement.** If you are a member of the Class, you may comment upon or object to the terms of the Settlement or any motion for a class representative service award or an award of attorneys' fees and expenses. If you want your comment or objection to be considered by the Court, you must send a letter that contains (i) the name of the lawsuit; (ii) a statement that you object to or wish to comment upon the Settlement or the Adjustments; (iii) a statement of the specific legal and factual basis for each objection; (iv) a statement, and documentation, demonstrating you are a Class Member; (v) identification, with specificity, of each instance in which you or your counsel has objected to a class action settlement in the last five years; (vi) if you (or your lawyer) want to appear and speak at the Fairness Hearing, a statement that you wish to appear and speak; **and** (vii) the identity of any witnesses you want to call to testify at the Fairness Hearing. You do not need to appear in court to object or comment. **Your objection must be personally signed by you and must be received by the Court no later than February --, 2017.** The Court's address is: Wikkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. Copies of your objection must also be mailed to the following lawyers and postmarked **no later than February --, 2017**:

| | |
|---|---|
| Steven Rosenwasser | Allen Burton |
| BONDURANT, MIXSON & ELMORE, LLP | O'MELVENY & MYERS LLP |
| 3900 One Atlantic Center | 7 Times Square |
| 1201 West Peachtree St., NW | New York, NY 10036 |
| Atlanta, Georgia 30309-3417 | *BANA's Counsel* |
| *Class Counsel* | |

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be entitled to be heard at the Fairness Hearing. If the Court overrules your objection and approves the Settlement, you will still be bound by the terms of the Settlement, and you may still participate in the Settlement.

**4. When will the Court decide whether to approve the Settlement?** The Court will hold a final approval hearing on March -, 2017. The hearing will be held before Judge Ursula M. Ungaro. You may attend, but you don't have to.

**5. What should I do if my address is different or I move?** Please remember that you must notify the Administrator of any change of address after you receive this Notice. You can contact the Administrator, [ENTER NAME] by writing to [].

## GETTING MORE INFORMATION

**1. Are there more details about the lawsuit and Settlement available?** This Notice summarizes the lawsuit and Settlement. If you have any questions, you can call the Administrator at _____. More details are in the pleadings and other documents filed in this lawsuit. You can read these documents on the PACER federal court website or at the Office of the Clerk, Wikkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. Further information can also be found at www.----------.com.

**Please do not contact the Clerk or the Court, as they cannot answer any questions about the lawsuit or the Settlement.**

**QUESTIONS? VISIT [website]**

# Exhibit C

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## AND RELEASE OF CLAIMS

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*IF YOU PREPAID AN FHA-INSURED LOAN WITH BANK OF AMERICA ON A DAY OTHER THAN THE FIRST OF THE MONTH, YOUR LEGAL RIGHTS MAY BE AFFECTED, AND YOU MAY BE ENTITLED TO BENEFITS FROM A PROPOSED CLASS ACTION SETTLEMENT*

This Notice informs you about a class action lawsuit and proposed settlement. Currently pending in the United States District Court for the Southern District of Florida is an action entitled *Dorado v. Bank of America, N.A.*, Case No. 1:16-cv-21147-UU ("the Action"). Without admitting liability, Bank of America, N.A. ("BANA"), has agreed to a settlement with plaintiff and the class (the "Settlement"). On **December --, 2016**, Judge Ursula M. Ungaro tentatively approved a proposed Settlement in the Action. This Notice advises you of the benefits that may be available to you under the proposed Settlement and your rights and options as a Settlement Class Member, and notifies you that a Fairness Hearing will be held on **March--, 2017**, to approve the Settlement.

## WHAT IS THE ACTION ABOUT?

**1. What are the allegations?** On March 31, 2016, Plaintiff Veronica Dorado filed this Action asserting individual and class-wide breach-of-contract claims against BANA. The Action contends that BANA breached the promissory notes underlying the class's FHA-insured home loans when, in violation of FHA regulation 24 C.F.R. § 203.558 (which was incorporated into the promissory notes), BANA collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing an FHA-approved payoff disclosure to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment. The FHA-insured loans at issue were (i) entered into between June 1, 1996 and January 20, 2015, (ii) prepaid within the statutes of limitations applicable to the loans, and (iii) owned by BANA or for which BANA otherwise held legal title. BANA denies that it is liable for any of the claims asserted in the lawsuit.

**2. Who are the Class members?** On December ---, 2016, for purposes of settlement only, the Court preliminarily certified a class defined as: Any person who had a FHA-insured loan for which (i) the loan was originated between June 1, 1996 and January 20, 2015; (ii) one of the Releasees (as defined in 2 below)—as of the date the total amount due on the loan was brought to zero—was the lender, mortgagee, or otherwise held legal title to the note; (iii) one of the Releasees collected interest for any period after the total amount due on the loan was brought to zero (i.e., BANA collected "post-payment interest"); and (iv) one of the Releasees collected post-payment interest during the statute of limitations period applicable for the loan as shown by Exhibit A.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

**1. What does the Settlement provide?**

The Settlement provides that BANA will pay Twenty Nine Million Dollars ($29,000,000) to settle the class action (the "Settlement Amount"), divided between two groups. Group 1 consists of Class Members who, in response to an inquiry, request for payoff figures, or tender of pre-payment, were sent information about post-payment interest on a form the same as those found at BANADORAD0000000632, 644–46, 667, 674, 2076, 2082, 2087, 2094, 2109, 2123, 2142–43, 2151, 2161, 2181, 2201, 2215, 2226, 2305–06, 2312, 2334, 2338, 2349, 2357, 2367, 2384, 2399, 2411, 2418, 2434, 2446, 2459, 2468, 2488, 2491, 2570–71, or 2610 (available at www.-----.com). Group 2 consists of Class Members, who, in response to an inquiry, request for payoff figures, or tender of pre-payment, were not sent information about post-payment interest on a form the same as those found above. Each Class Member who does not timely opt out of the Settlement will be entitled to receive a "Class Member Award." $12,000,000 of the Settlement Amount has been allocated to Group 2.

**You are receiving this Notice because the parties believe you are a member of Group 2.** The parties have also agreed that, subject to the Court's final approval, the lead plaintiff shall be entitled to an award of $10,000 as an incentive award in recognition of the amount of time and effort expended by her in acting as class representative. Additionally, subject to the Court's final approval, Class Counsel shall be entitled to an award of attorneys' fees and costs of up to 33% of the Settlement Amount. The Plaintiff's incentive award and Class Counsel's fees will be deducted from the total $29,000,000 Settlement Amount.

Each Group 2 Class Member will receive a refund of a percentage of the amount of post-payment interest collected in connection with his or her paid-off FHA-insured mortgage loan. The exact amount of each Class Member's award will depend upon the number of class members who opt out of the Settlement, but in no event will the amount exceed the actual post-payment interest that each Class Member paid to BANA. The amount will be determined as follows: (i) the Administrator will sum the total amount of post-payment interest BANA collected from all Group 2 Class Members who do not opt out; (ii) the Administrator will divide each Group 2 Class Member's individual post-payment interest by the total amount of post-payment interest BANA collected from all Group 2 Class Members who do not opt-out of the Settlement; and (iii) the Administrator will multiply the percentage in (ii) by the Settlement Amount allocated to Group 2 Class Members (after first deducting for the incentive award and attorneys' fees and expenses).

The Settlement also provides that within 60 days of the Effective Date, as defined in the Settlement Agreement (available at www.-----.com), and for a period of three years, BANA shall provide to borrowers of FHA-insured loans that originated between June 1, 1996 and January 20, 2015 who make a pre-payment inquiry, request for payoff figures, or tender of prepayment a post-payment interest disclosure in a form that complies with 24 C.F.R. § 203.558.

**2. Release of Claims.** If the Settlement is finally approved, each Class Member who has not opted out of the Settlement Class releases, waives, and forever discharges BANA and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures,

**QUESTIONS? VISIT [website]**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf, as well as any past, present, or future person or any entity that held any interest in the Loan and the underlying Note or Security Instrument at the time the full outstanding balance was brought to zero, including, but not limited to, Bank of America Corporation and all of its subsidiaries and affiliates (collectively, "Releasees") with respect to post-payment interest as well as any claim or issue relating to or arising out of any of the claims that were asserted in the Action, including any and all claims for damages, injunctive relief, interest, attorneys' fees, and litigation expenses ("Released Claims"). You may review the entire release and the definitions of "Released Claims" in the Settlement Agreement, which you can find at www.----------.com.

## FAIRNESS HEARING

The federal district court overseeing the action has preliminarily approved the proposed Settlement as fair, adequate, and reasonable. **The Court will hold a Fairness Hearing on March --, 2017 to determine whether to give final approval to the proposed Settlement.** If finally approved, the Settlement will provide payment to members of the Class and require BANA to provide disclosures relating to post-payment interest in a form that complies with 24 C.F.R. § 203.558 for a period of three years. **You are not required to attend the hearing in order to participate in the Settlement.**

## WHAT CAN YOU DO?

**1. Do Nothing.** You may take no action in response to this Notice. If you take no action, and the Settlement is approved, you will receive payment pursuant to the Settlement and you will be deemed to have released BANA and the other Releasees as described above and more fully at www.----------.com.

**2. Opt Out Of The Settlement Class.** If you would not like to be a part of the Settlement Class, you may opt out. To exclude yourself from the Settlement and the Class, you must send or deliver a written request clearly stating your decision to the Administrator at the following address: _____. You must include your name and the last four digits of your social security number; the request must be personally signed and dated by you and received by the Administrator **no later than February --, 2017**; and the request must also state that you understand that you will receive no money from the Settlement. Class Members who do not opt out will be bound by the proposed Settlement and judgment, including the release of claims described above. Class Members who opt out will not be bound by the proposed Settlement or judgment, including the release of claims described above, and will not be entitled to any of the benefits of the proposed Settlement.

**3. Object To The Settlement.** If you are a member of the Class, you may comment upon or object to the terms of the Settlement or any motion for a class representative service award or an award of attorneys' fees and expenses. If you want your comment or objection to be considered by the Court, you must send a letter that contains (i) the name of the lawsuit; (ii) a statement that you object to or wish to comment upon the Settlement or the Adjustments; (iii) a statement of the specific legal and factual basis for each objection; (iv) a statement, and documentation, demonstrating you are a Class Member; (v) identification, with specificity, of each instance in which you or your counsel has objected to a class action settlement in the last five years; (vi) if you (or your lawyer) want to appear and speak at the Fairness Hearing, a statement that you wish to appear and speak; *and* (vii) the identity of any witnesses you want to call to testify at the Fairness Hearing. You do not need to appear in court to object or comment. **Your objection must be personally signed by you and must be received by the Court no later than February --, 2017.** The Court's address is: Wikkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. Copies of your objection must also be mailed to the following lawyers and postmarked no later than February --, 2017:

| | |
|---|---|
| Steven Rosenwasser | Allen Burton |
| BONDURANT, MIXSON & ELMORE, LLP | O'MELVENY & MYERS LLP |
| 3900 One Atlantic Center | 7 Times Square |
| 1201 West Peachtree St., NW | New York, NY 10036 |
| Atlanta, Georgia 30309-3417 | *BANA's Counsel* |
| *Class Counsel* | |

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be entitled to be heard at the Fairness Hearing. If the Court overrules your objection and approves the Settlement, you will still be bound by the terms of the Settlement, and you may still participate in the Settlement.

**4. When will the Court decide whether to approve the Settlement?** The Court will hold a final approval hearing on March -, 2017. The hearing will be held before Judge Ursula M. Ungaro. You may attend, but you don't have to.

**5. What should I do if my address is different or I move?** Please remember that you must notify the Administrator of any change of address after you receive this Notice. You can contact the Administrator, [ENTER NAME] by writing to [].

## GETTING MORE INFORMATION

**1. Are there more details about the lawsuit and Settlement available?** This Notice summarizes the lawsuit and Settlement. If you have any questions, you can call the Administrator at _____. More details are in the pleadings and other documents filed in this lawsuit. You can read these documents on the PACER federal court website or at the Office of the Clerk, Wikkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. Further information can also be found at www.----------.com.

**Please do not contact the Clerk or the Court, as they cannot answer any questions about the lawsuit or the Settlement.**

**QUESTIONS? VISIT [website]**

# Exhibit D

**IF YOU PREPAID AN FHA-INSURED LOAN WITH BANK OF AMERICA ON A DAY OTHER THAN THE FIRST OF THE MONTH, YOUR LEGAL RIGHTS MAY BE AFFECTED, AND YOU MAY BE ENTITLED TO BENEFITS FROM A PROPOSED CLASS ACTION SETTLEMENT**

**What is this Notice About?**

A federal court has preliminarily certified a class of borrowers who prepaid FHA-insured loans with Bank of America, N.A. ("BANA") in the matter of *Veronica Dorado, et al. v. Bank of America, N.A.*, No. 16-CV-21147-UU, pending in the United States District Court for the Southern District of Florida, Miami Division (the "Action"). The Action contends that BANA breached the promissory notes underlying the class's FHA-insured home loans when, in violation of FHA regulation 24 C.F.R. § 203.558 (which was incorporated into the promissory notes), BANA collected post-payment interest (i.e., interest for the remainder of the month during which the loan was paid off) without providing an FHA-approved payoff disclosure to borrowers who made a pre-payment inquiry, request for payoff figures, or tender of prepayment. The Court will hold a final approval hearing on March ___, 2017.

*This Notice is only a summary of your legal rights and choices. For more complete information, please read the full Notice, which you can obtain by visiting* *www.settlementurl.com.*

**Am I a Member of the Class?**

The Class consists of any person who had a FHA-insured loan for which (i) the loan was originated between June 1, 1996 and January 20, 2015; (ii) one of the Releasees (as defined by the parties' Settlement Agreement, available at www.settlementurl.com)—as of the date the total amount due on the loan was brought to zero—was the lender, mortgagee, or otherwise held legal title to the note; (iii) one of the Releasees collected interest for any period after the total amount due on the loan was brought to zero (i.e., BANA collected "post-payment interest"); and (iv) one of the Releasees collected post-payment interest during the statute of limitations period applicable for the loan as shown by Exhibit A to the full Notice.

**What Are The Terms of the Settlement?**

The Settlement provides that BANA will pay $29 million to settle the Action (the "Settlement Amount"), divided between two groups. You can obtain more information about the division of groups and calculation of payments to class members by visiting www.settlementurl.com.

**What Are My Rights?**

*Do Nothing.* You may take no action in response to this Notice. If you take no action, and the Settlement is approved, you will receive payment pursuant to the Settlement, and you will be deemed to have released BANA and the other Releasees as described above and more fully at www.settlementurl.com.

*Exclude Yourself.* If you would not like to be a part of the Settlement Class, you may opt out. To learn how to opt out, visit www.settlementurl.com.

*Object to the Settlement.* You may also object to the terms of the Settlement or any motion for a class representative service award or award of attorneys' fees and expenses. To learn how to object to the settlement, visit www.settlementurl.com.

**Please read the full Notice carefully for additional requirements on how to exclude yourself or object. If you have any questions, you can call the Administrator at 1-XXX-XXX-XXXX. You can obtain the full Notice at www.settlementurl.com**

**1-XXX-XXX-XXXX**          **www.settlementurl.com**

## MECHANICAL SPECIFICATIONS

| | |
|---|---|
| File Name: BofA_FHA_USAT_Master | Body Copy Font Size/Leading: 8/8.5 |
| Publication: USA Today | Total Word Count: 543 |
| Ad Unit: 2 col (3.91") x 6.43" | Create Date/Time: 11/16/16 @ 9:40 AM PT |
| Headline Font: Calibri | Operator: TOC |
| Headline Font Size/Leading: 9.2/11 | Last Edit Time: 11/16/16 @ 12:10 PM PT |
| Body Copy: Times Lt Std | Operator: TOC |