EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| VERONICA DORADO, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 1:16-CV-21147-UU<br>Ungaro/Otazo-Reyes<br><br>CLASS ACTION<br>JURY TRIAL |

## DECLARATION OF JEREMY KORCH

1. My name is Jeremy Korch. I am an attorney admitted to practice in the State of Florida and in the United States District Court for the Southern District of Florida. I am an associate with the law firm of Bast Amron, LLP ("Bast Amron").

2. Along with co-counsel from Bondurant, Mixson & Elmore, LLP ("BME") and Epps Holloway DeLoach & Hoipkemier, LLC ("EHDH"), Bast Amron was appointed as Class Counsel in the Court's order dated December 8, 2016 preliminarily approving the Settlement Agreement in this case. *See* Dkt. 113. BME, EHDH, and Bast Amron are referred to collectively as "Class Counsel" herein.

3. This Declaration is submitted in support of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses filed on January 23, 2017.

4. Before filing the lawsuit, Class Counsel spent several months conducting extensive due diligence to investigate, analyze, and develop the class claims, including devoting over 50 hours to conducting a factual and legal investigation to ensure that the claims were viable.

5. That due diligence included, but was not limited to, (i) reviewing the uniform notes underlying FHA-insured loans and documents relating thereto; (ii) analyzing HUD

regulations; (iii) researching and analyzing case law relating to claims for breach of HUD regulations incorporated into contracts; and (iv) requesting, obtaining, and reviewing loan files.

6. After making the decision to move forward with litigation, Class Counsel incurred substantial time and expense preparing the Complaint, including reviewing the underlying documents, drafting the Complaint and conducting extensive legal research to ensure that the proper claims were brought.

7. After filing the lawsuit, Class Counsel incurred time and expense responding to Bank of America's Motion to Dismiss, which raised numerous grounds for dismissal. *See* Dkt. 23. Preparing the response included, *inter alia*, researching responses to Bank of America's argument that Plaintiff was allegedly asserting a private cause of action to enforce HUD regulations, as well as Bank of America's voluntary payment and causation defenses. Related, Class Counsel also successfully opposed Bank of America's motion to stay all discovery pending the Court's resolution of Bank of American's motion to dismiss. Ultimately, the Court denied those motions by Bank of America.

8. Class Counsel also incurred substantial time and expense engaging in five months of vigorously contested discovery. Class Counsel exchanged hundreds of emails about discovery, conferred by phone with defense counsel more than ten times, moved to compel discovery from Bank of America, and moved to compel Bank of America to comply with the Court's discovery order. *See* Dkts. 65, 86. Class counsel responded to Bank of America's document requests, interrogatories, and requests for admission and collected and produced responsive documents from Ms. Dorado. In addition, Class Counsel drafted and served eight sets of document requests, five sets of interrogatories, and three sets of requests for admission. Class Counsel reviewed and analyzed almost 4,000 pages of documents produced by Bank of America. In addition to those documents, Class Counsel negotiated for the production of over half a million rows of Excel-based mortgagee data for each of Bank of America's customers who were a part of the class. Class Counsel engaged expert witnesses to manage that voluminous data set and to write formulas so that Class Counsel could determine the amount of post-payment interest that Bank of America collected.

9. Altogether Class Counsel spent over *792 hours* between the filing of the complaint and the mediation engaged in the motion practice and discovery process discussed above.

10. Further, Class Counsel participated in a mediation and settlement of this class action, which involved over *195 hours* collectively spent by Class Counsel preparing for, attending the mediation, and then drafting the settlement documents.

11. Altogether, Class Counsel and their paralegal-related staff have spent over *1,038 hours* investigating, researching, and litigating this case. Lawyers and paralegal staff at Bast Amron have devoted 95 hours to litigating the case.

12. Class Counsel incurred costs/expenses in prosecuting the litigation in the total amount of $54,119.01, which includes amounts incurred through January 16, 2017, which is one week before the date of this motion. Bast Amron's costs/expenses constituted $769.18 of that total. These amounts were reasonably and necessarily incurred in connection with this case for filing fees; legal research; discovery vendor costs; expert witnesses; the mediation; and other customary expenditures.

This declaration is made within the United States and pursuant to Title 28 of the United States Code, Section 1746. I declare under penalty of perjury that the foregoing is true and correct. I have executed this declaration on January 20, 2017.

_____
Jeremy Korch