IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:16-cv-21147-UU

VERONICA DORADO, individually and on
behalf of a class of similarly situated persons,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

_____/

## RESPONSE TO MOTION FOR ORDER ALLOCATING
## ATTORNEY'S FEES AND DIRECTING PAYMENT

Respondents (nonparties) Fortson, Bentley & Griffin, P.A. (FBG),[1] and Werner &

Associates, P.C. d/b/a The Werner Law Firm, (Werner)[2] (collectively Respondents) timely filed

---

[1] FBG is a Georgia professional association organized under Georgia law with its registered office and registered agent, E. N. Whitmire III, located at 2500 Daniell's Bridge Road, Building 200, Suite 3A, Athens, Oconee County, GA, 30606.  FBG is a citizen of the State of Georgia.  See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=623648&businessType=Domestic%20Profit%20Corporation, (visited 04/23/2017).  Respondents request the court to take judicial notice of FBG's citizenship and organization under Georgia law, from the public records maintained by the Georgia Secretary of State.  Fed.R.Evid. 201; *Santa Monica Food Not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir.2006).

[2] Werner is a Georgia professional corporation organized under Georgia law with its registered office and registered agent, Michael Werner, located at 2860 Piedmont Road, Atlanta, Fulton County, GA, 30305-2819**.   Werner** is a citizen of the State of Georgia.   See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1410349&businessType=Domestic%20Professional%20Corporation, (visited 04/23/2017).  Respondents request the court to take judicial notice of Werner's citizenship and organization under Georgia law, from the public records maintained by the Georgia Secretary of State.  Fed.R.Evid. 201.

this response[3] opposing the motion of Class Counsel Epps, Holloway, DeLoach & Hoipkemier', LLC, (EHDH)[4] for an order allocating fees between EHDH and Respondents, [5] showing the Court as follows:

    1.    The Court lacks subject matter jurisdiction over the controversies between Respondents and EHDH.  The claims asserted in EHDH motion against Respondents do not arise under any statute or law of the United States and present no federal question invoking the Court's jurisdiction under 28 U.S. C. § 1331.  Respondents and EHDH are all citizens of the State of Georgia and there exists no diversity of citizenship to support jurisdiction of the claims asserted in EHDH's motion against Respondents under 28 U.S.C. § 1332.  There is no other federal statute conferring jurisdiction on this Court over the claims against Respondents asserted in EHDH's motion.  28 U.S.C. § 1367 does not confer supplemental jurisdiction on the Court over the claims against Respondents asserted in EHDH's motion because this action was dismissed with prejudice on March 23, 2017 (Doc. # 154), the Court did not reserve jurisdiction over the claims asserted in EHDH's motion against Respondents or Respondents' claims against EHDH asserted in separate state court lawsuits now pending against EHDH in Georgia.[6]  The Court's reservation of

---

[3]  The EHDH motion was hand delivered to Respondents on June 26, 2017.  Under S.D.FL L.R. 7.1 a response was not due until July 10, 2017.

[4]  EHDH is a Georgia limited liability company organized under Georgia law with its registered office and registered agent, Jeffrey DeLoach, located at 1220 Langford Drive, 200A, Watkinsville, Oconee County, GA, 30677-7221.  EHDH is a citizen of the State of Georgia.  See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=2210872&businessType=Domestic%20Limited%20Liability%20Company, (visited 04/23/2017).  Respondents request the court to take judicial notice of EHDH's citizenship and organization under Georgia law from the public records maintained by the Georgia Secretary of State.  Fed.R.Evid. 201.

[5]  Other Class Counsel, Bondurant Mixon & Elmore, LLP (BME) and Bast Amron, LLP (Bast Amron), have not joined in EHDH's motion for allocation of fees.

[6]  *Fortson, Bentley, & Griffin, P.A., Plaintiff, v. Epps, Holloway, DeLoach & Hoipkemier, LLC, et al, Defendants*, CA No. SUCV2017000186, in the Superior Court of Oconee County, Georgia, and

jurisdiction was limited to "disputes arising from or relating to the Settlement", there is no dispute concerning the amount of attorney's fees awarded in the Settlement and approved by the Court. This case was closed before EHDH's motion was filed on June 23, 2017.  (Doc. ## 154, 160, and 164).  The claims asserted in EHDH's motion against Respondents and in Respondents' Georgia lawsuits against EHDH are not "so related to claims of [the Class in this] action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). The Court has no ancillary jurisdiction over the controversies between Respondents and EHDH under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379, 114 S.Ct. 1673, 1676 (1994).

2.      In the preliminary or final motions to approve the settlement in this case (Doc. ## 107 and Exhibits, 113, 132 and Exhibits, and 154) and the motion for attorney's fees and reimbursement of expenses (Doc. ## 116 and Exhibits, 154), EHDH and its members never disclosed the existence of Respondents' state law contract and tort claims for damages against them, including disgorgement of the net income derived from fees received by them in this class action because of their fraudulent withdrawal from FBG and Werner in breach of their fiduciary duties to their former law firms.  At no point did the Court reserve jurisdiction over Respondents' state law contract and tort law damage claims against EHDH and its members.

3.      The Court lacks personal jurisdiction over Respondents and EHDH to adjudicate the controversies between them.  EHDH is not a party to this action, and has not moved to intervene as a party and assert claims against Respondents, as required by 28 U.S.C. § 1367(a) (supplemental

---

*Adam J. Hoipkemier, Plaintiff, v. Werner & Associates, P. C. dba The Werner Law Firm, P.C., Defendant*, CA No. 2017CV287880, in the Superior Court of Fulton County, Georgia.  Copies of Pleadings in these state court lawsuits are attached as Exhibits 1, 2, and 3 to the Declaration of William S. Stone served along with this Response.

jurisdiction includes claims and involve joinder or intervention of additional parties) and Fed.R.Civ.Pr. 24(c) (a motion to intervene must be served, including a pleading setting forth the intervenors' claims).   No order making EHDH a party and allowing its intervention has been entered by the Court.   Similarly, Respondents are not parties to this action.   No order joining Respondents as parties and order issuance and service of any summons, order, *rule nisi*, show cause order, or other legal process on them has been issued by the Court.   No summons, order, *rule nisi*, show cause order, or other legal process has been issued by this Court and served on FBG or Werner subjecting them to personal jurisdiction to adjudicate any controversy between them and EHDH.

4.     The Court lacks *in rem* jurisdiction over the property that is the subject of the claims asserted by EHDH or Respondents.   No lien has been filed by EHDH, FBG, or Werner or anyone else charging the fees approved by the Court in its Final Order Approving the Settlement (Doc. # 154).   The fees awarded were allocated among BME, Bast Amron, EHDH, BFG, and Werner in an Amended and Restated Co-Counsel Agreement (the Agreement) executed and effective October 4, 2016.   Under the Agreement 36.5% of the fees were allocated to EHDH and Respondents.   (Declaration of William S. Stone, Exhibit 4, ¶ 4(a)).   The funds received by the Class Administrator in payment of these fees have never been in the actual or constructive possession of this Court.   The Agreement provides that the fees allocated by it to EHDH, BFG, and Werner were to be deposited in an escrow account with an escrow agent selected by them, and to be held in escrow until the controversies between EHDH and Respondents were resolved by agreement or adjudication.   (Stone Declaration, Exhibit 4, ¶ 4(b)).   Paragraph 4(b) of the Agreement provides that BME was to receive all attorney's fees approved in this case and disburse them to the law firms entitled to them from its trust account.   If the disputes between EHDH and

Respondents were not resolved prior to payment of the attorney's fees to BME, BME was to pay

the portion of the fees allocated to them in the Agreement to the escrow agent selected by EHDH

and Respondents.  If EHDH and Respondents could not agree on an escrow agent, the Agreement

authorizes BME to pay the portion of the fees allocated in the Agreement to EHDH and

Respondents to an escrow agent of its own choosing.  EHDH and Respondents agreed on the

selection of First American Bank & Trust of Athens, Georgia to be the escrow agent, and notified

BME of their selection.  (Stone Declaration, ¶ 7, Exhibit 5).  The Agreement further provides:

> As of the date of this Agreement, there is a dispute by and among Werner, FB and EHDH
> as to how the 36.5% fee allocated to them shall be divided among those parties. Counsel
> and [Respondents] agree that it is in the best interests of all parties and the Clients and
> Class that the prosecution of the Action should proceed without being burdened or
> distracted by litigation of the fee dispute among [Respondents]. For that reason, EHDH
> and [Respondents] each agree that the time for filing any action, proceeding or attorneys'
> lien related to the Action shall be tolled until the litigation is resolved and the gross fees
> are received by BME for distribution among Counsel and [Respondents] as provided in
> this Agreement. EHDH and [Respondents] each agree that during such tolling period none
> of them will institute, file, or prosecute any action, proceeding or attorneys' lien related to
> the Action. Instead, EHDH and [Respondents] agree to the escrow provisions of this
> Agreement to protect their interest arising from the anticipated recovery in the Action.
> (Emphasis added).

However, EHDH breached the Agreement by directing the Class Administrator to hold the portion

of fees allocated under that Agreement pending the Court's decision on this motion it proposed to

file.  EHDH prevented BME from receiving 36.5% of the court approved fees allocated by the

Agreement to EHDH and Respondents, and made it impossible for BME to deposit those allocated

fees with the escrow agent as required by the Agreement.  (Hoipkemier Declaration, ¶¶ 12-13,

Exhibit 3).

## MEMORANDUM OF LAW

### I. FACTS

As co-counsel with BME and Bast Amron, FBG and Werner initially represented the

Plaintiff on behalf of the putative Class when this case was originally filed on April 4, 2016 (Doc.

# 1).  Kevin E. Epps, Kelly Holloway, Jeffrey W. DeLoach, and Edward J. Allen were FBG shareholders, directors, officers, and employees.  Adam L. Hoipkemier was a Werner employee. DeLoach was the FBG attorney who appeared in this action for the Plaintiff, and Hoipkemier was the Werner attorney who appeared for her.  Beginning sometime in late 2015 or early 2016, Epps, Holloway, DeLoach, Allen, and Hoipkemier schemed and conspired to leave FBG and Werner, and take FHA class action cases represented by FBG and Werner with them, depriving Respondents of fees they expected to be awarded in this and other FHA class action cases.  They executed their scheme during the first half of 2016, and in June 2016 they formed their new law firm, EHDH and took the FHA cases with them as they had planned.

The facts concerning the termination of the relationship of Epps, Holloway, DeLoach, and Allen as attorneys practicing law with FBG; their formation of a new firm, EHDH, with Hoipkemier; and FBG's claims against them arising from their misconduct are set forth in the Complaint filed in *Fortson, Bentley, & Griffin, P.A., Plaintiff, v. Epps, Holloway, DeLoach & Hoipkemier, LLC, et al, Defendants*, CA No. SUCV2017000186, in the Superior Court of Oconee County, Georgia.  That action was filed on June 7, 2017 and each defendant was served with summons and complaint, well before EHDH filed its motion in this case for allocation of attorney's fees.  A true copy of that Complaint in that action is attached to the Declaration of William S. Stone as Exhibit 1.  No Answers have yet been filed by the EHDH Defendants in this case.

The facts concerning the termination of Hoipkemier's employment as a Werner employee; his formation of a new firm, EHDH, with Epps, Holloway, DeLoach, and Allen; and Werner's claims against them arising from their misconduct are set forth in Werner's Counterclaim filed in *Adam J. Hoipkemier, Plaintiff, v. Werner & Associates, P. C. dba The Werner Law Firm, P.C., Defendant*, CA No. 2017CV287880, in the Superior Court of Fulton County, Georgia.  That action

was filed on March 24, 2017 and Werner was served with summons and complaint well before

EHDH filed its motion for allocation of attorney's fees.  A true copy of Hoipkemier's Complaint

in that action is attached to the Declaration of William S. Stone as Exhibit 2.  Hoipkemier alleges

claims for the same attorney's fees for representing the Class in this case that EHDH has now

moved for this Court to allocate to it.[7]  A true copy of Werner's Counterclaim filed on is attached

to the Declaration of William S. Stone as Exhibit 3.

In October 2016, the attorneys for the Plaintiff and BOA settled this case.  (Doc. # 101).

The preliminary settlement agreement was filed with this Court on November 21, 2016.  (Doc. #

107).  The Court preliminarily approved the settlement agreement on December 7, 2016.  (Doc. #

113).

After weeks of negotiation, BME, Bast Amron, EHDH, FBG, and Werner entered an

Amended and Restated Co-Counsel Agreement (the Agreement), dated and effective October 4,

2016 (Declaration of William S. Stone, Exhibit 4).  The purpose of this Agreement was to prevent

the disputes referenced above from delaying the resolution of this class action, postponing Class

members' receipt of compensation due them, delaying BME's receipt of its attorney's fees and

reimbursement of litigation expenses incurred by BME or EHDH, and delaying BOA's receipt of

the promised dismissal of this class action.  (Exhibit 4 ¶ 4(b)).

EHDH and Adam Hoipkemier have misrepresented the Agreement by claiming "Paragraph

4 of the Agreement provides that "**[c]ounsel's** work for the Class will be compensated, if at all,

---

[7] Hoipkemier appears to be engaging in unlawful claim-splitting by pursuing the same relief in this Court that he is pursuing in the Georgia court. *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 841 (11th Cir. 2017) ("Indeed, [i]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights. The claim-splitting doctrine thereby ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.")(internal quotations and citations omitted).

with the approval and at the direction of the Court . . ." (emphasis added). (Doc. # 164, pp. 2, 7-8, and # 164-1, p. 2, ¶9). Paragraph 4 of the Agreement really states,

> **Counsel's** work for the Class will be compensated, if at all, with the approval and at the direction of the Court and Counsel's work for the Clients on their individual claims will be compensated as set forth in the Retention Agreements. (Emphasis added).

This is a material misrepresentation to the Court because EHDH's and Hoipkemier's statement inaccurately makes it appear to the Court that Respondents agreed with BME, Bast Amron, and EHDH in the Agreement that apportionment of attorney's fees awarded to **all** "[c]ounsel," including FBG and Werner, would be "at the direction of the Court."

"Counsel" is a **defined** term in the Agreement that expressly **excludes** Werner and FBG. Paragraph 1 of the Agreement provides:

> Throughout this Agreement, "Counsel" refers to BME and EHDH, and "Former Counsel" refers to Werner and FB [Respondents]."

There is not now, and never has been, any agreement by "Former Counsel" [Respondents] that the portion of fees allocated in the Agreement to EHDH and Respondents, and all other damages due Respondents under Georgia contract and tort law, would be paid "at the direction of this Court," particularly since these parties cannot, as a matter of law, confer subject matter jurisdiction by waiver or consent on this Court to adjudicate such claims. *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 648 (2012).

On March 23, 2017, the Court entered its Final Order and Judgment approving the settlement in this class action, including attorney's fees, and dismissed the action with prejudice. (Doc. # 154), and the case was closed on that same date. (Doc. # 156). An appeal was taken by David McBride (Doc. # 157), but subsequently dismissed on June 5, 2017. (Doc. # 161).

The time for filing further post-judgment motions for review or seeking appellate review had expired, **before** the EHDH motion to allocate fees between EHDH and Respondents on June

23, 2017. (Doc. # 164).  Neither that motion, nor any of its exhibits attached to it, mentioned FBG's and Warner's state law contract and tort claims against EHDH and its members.

At no point did the Court have, retain, or reserve jurisdiction over FBG's and Werner's Georgia contract and tort law claims for damages, including all or part of the net profits EHDH received as fees in this class action and many other cases, and claims for all other damages due them from EHDH and its members.  EHDH did not even make the Court aware such claims by Respondents existed or were imminent, although Hoipkemier filed his lawsuit against Werner in the Superior Court of Fulton County, Georgia the very next day.  Significantly, Respondents' claims never were brought to the Court's attention by EHDH during proceedings to approve the settlement and enter the final order and judgment in this action.  Neither FBG nor Werner were given any notice or opportunity to be heard at the hearing that resulted in the Court's final judgment.  The reservation of jurisdiction "over all disputes arising from or related to the settlement, including any dispute concerning attorney's fees" (Doc. # 154, p. 12) only refers and applies to the attorney's fees the Court awarded to Class counsel as part of the settlement itself, and not the respective liabilities of EHDH and its members to their former law firms under independent state contact and tort law that are unrelated to this *Dorado* case.  *Barrera v. Gamestop Corp.*, 2:09-CV-01399-ODW EX, 2012 WL 1470170, at *2 (C.D. Cal. Apr. 27, 2012).  For the district court to retain jurisdiction over an independent, unrelated fee dispute, the settlement agreement sought to be approved must specifically disclose that dispute and include a provision for resolving it.  *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1301 (7th Cir. 1995) (A controversy about the allocation of attorneys' fees may be resolved in federal court only if the original judgment covers that subject); *Womack v. Dolgencorp., Inc.*, 957 F. Supp. 2d 1350, 1358 (N.D. Ala. 2013), relying on *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82,

114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994); *Barrera v. Gamestop Corp.*, 2:09-CV-01399-ODW EX, 2012 WL 1470170, at *1 (C.D. Cal. Apr. 27, 2012).

On page 2 of its brief in support of its motion, EHDH mischaracterizes FBG and Werner's claims against it and its members. However, Respondents' claims are not claims "to a share of the Class fee award." The Class **already has received** 100% of its share of the award under the Settlement Agreement approved by the Court. Class counsel's attorney's fees for representing the Class **already have been approved and awarded** by the Court, without objection by any class member with standing to object, and without any objection by the Respondents. (Doc. # 154, pp. 7, 11).[8]

The controversies between Respondents and EHDH and its members do not affect the total amount BOA must pay the Class and/or its attorneys, or the total amount the Class members will receive either before or after payment of attorney's fees. The Court has held a hearing, and after receiving evidence from all parties in interest in these matters who desired to submit evidence or argument, the Court made its independent finding that the total fees and expenses claimed by Class counsel and approved and awarded from the gross settlement amount to be paid for the benefit of the Class is reasonable. No one, including Respondents, has asserted any claim or dispute about the total amount of attorney's fees due from BOA. BME and Bast Amron have already received 100% of their shares of the attorney's fees and litigation expenses awarded by the Court's judgment as allocated the Agreement. (Doc. # 164-1, ¶¶ 12 and 13, p. 2; and Stone Declaration Exhibit 4, ¶ 4(a)). None of the attorney's fees was paid into the Court's registry, and the Court does not have constructive possession of them. EHDH, FBG, and Werner agreed on an escrow

---

[8]   BME and Bast Amron have not joined in EHDH's motion for allocation of fees for the simple reason there is no real dispute about the attorney's fees the court ordered to be paid to class counsel. FBG and Werner do not dispute the amount of those fees. Neither do EHDH and its members.

agent to hold the portion of attorney's fees allocated to EHDH pending resolution of the claims and disputes between them.  However, EHDH has prevented the Class Administrator from paying the fees allocated by the Agreement to EHDH and Respondents to BME for deposit with First American Bank & Trust, the escrow agent selected by agreement among EHDH and Respondents, in breach of the terms of the Co-Counsel Agreement.  (Doc. # 164-1, ¶¶ 12 and 13, p. 2).

There simply is not now, and never has been, any dispute or disagreement between the Class members and their counsel or BOA over the fees BOA agreed to pay, and the Court approved, as fair and reasonable fees and expenses.  The disputes between Respondents and EHDH and its members are independent of and unrelated to the Class claims in this case, and arise under separate contracts and state law.

Respondents' claims against EHDH are state law claims for damages, including for breach of contract, fraud, breach of fiduciary duties, and misappropriation of corporate opportunities. Their claims include claims for disgorgement of some or all the fee awards allocated to them in this case as well as fees awarded in other cases.  *See e.g. Helms & Greene, LLC v. Willis*, 333 Ga. App. 396, 399-400, 773 S.E.2d 491, 494 (2015), *reconsideration denied* (July 23, 2015), *cert. denied* (Oct. 5, 2015), quoting Restatement (Second) of Agency § 469 (1958) cmt. a.;[9] and Restatement (Third) Of Agency § 8.01 (2006) cmt. d(2); [10] and Restatement (Third) Of Agency §

---

[9]  "An agent who, without the acquiescence of his principal, acts for his own benefit ... in antagonism to or in competition with the principal in a transaction is not entitled to compensation which otherwise would be due him because of the transaction. This is true even though the conduct of the agent does not harm the principal."

[10]  "An agent's breach of fiduciary duty is a basis on which the agent may be required to forfeit commissions and other compensation paid or payable to the agent during the period of the agent's disloyalty. The availability of forfeiture is not limited to its use as a defense to an agent's claim for compensation.".

8.01 (2006) cmt. d(2).[11]   Some of these claims are for intentional torts which authorize imposition

of punitive damages under O.C.G.A. § 51-12-5.1.  *Schinazi v. Eden*, 338 Ga. App. 793, 801, 792

S.E.2d 94, 100 (2016), *cert. denied* (May 15, 2017),[12] and attorney's fees and litigation expenses

as items of damages.  O.C.G.A. § 13-6-11.   These are remedies this Court cannot grant because

they are not factually interdependent with the claims asserted by the Class, which have been

satisfied by BOA's full performance of the settlement and judgment, and payment of the agreed

amounts approved by the Court.   Resolving these controversies among EHDH and Respondents is

unnecessary to enable the Court to function successfully, to manage its proceedings, vindicate its

authority, and effectuate its decrees.   The Court has fully and successfully functioned in this class

action.   Its proceedings are closed, and this action was dismissed with prejudice.   No one is

flaunting the Court's authority or disobeying its orders and decrees.   See *Kokkonen v. Guardian

Life Ins. Co. of Am.*, 511 U.S. 375, 379, 114 S.Ct. 1673, 1676 (1994).

## II.  **ARGUMENT**

1. **The Court lacks subject matter jurisdiction over the EHDH motion**.

   "Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute, . . . It is to be presumed that a cause lies outside this limited jurisdiction,

and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*

---

[11]   "An agent's breach of fiduciary duty is a basis on which the agent may be required to forfeit
commissions and other compensation paid or payable to the agent during the period of the agent's
disloyalty. The availability of forfeiture is not limited to its use as a defense to an agent's claim
for compensation."

[12]   See also *In re Gladstone*, A16A1682, 2017 WL 1013602, at *4 (Ga. Ct. App. Mar. 14, 2017);
*Kahn v. Britt*, 330 Ga. App. 377, 392, 765 S.E.2d 446, 460 (2014); *Jonas v. Jonas*, 280 Ga. App.
155, 163, 633 S.E.2d 544, 551 (2006); *Home Ins. Co. v. Wynn,* 229 Ga. App. 220, 223(2), 493
S.E.2d 622 (1997).

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994) (internal citations omitted) (disputes arising from separate contracts require an independent grant of jurisdiction).

The jurisdictional basis for this action against BOA was diversity of citizenship between Plaintiff Dorado and BOA. No federal question claims were asserted against BOA, and 28 U.S. C. § 1331 does not support subject matter jurisdiction. Likewise, EHDH asserts no federal question claims against Respondents, and 28 U.S. C. § 1331 does not support subject matter jurisdiction. EHDH does not dispute this. Respondents and EHDH are all citizens of the State of Georgia, there exists no diversity of citizenship, and 28 U.S.C. § 1332 does not support subject matter jurisdiction. EHDH does not dispute this, either. There is no other federal statute conferring jurisdiction on the Court over the claims asserted by EHDH against Respondents. EHDH does not dispute this either.

There is no "supplemental" jurisdiction under 28 U.S.C. § 1367 over the claims asserted by EHDH because this action was dismissed with prejudice and closed on March 23, 2017 (Doc. # 154 and 156). The Court did not reserve jurisdiction over the claims asserted by EHDH against Respondents or Respondents' claims against EHDH now pending in the Georgia state courts. The disputes between these law firms are not "so related to claims of [the Class in this] action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Likewise, the Court has no ancillary jurisdiction over the controversies between EHDH against FBG and Werner under *Kokkonen*, 511 U.S. at 379, 114 S. Ct. at 1676 because:

(1)     the claims and disputes between these law firms are not factually interdependent with the claims asserted by the Class, which have been fully settled, including full performance and payment by the Defendant BOA; and

(2)     adjudicating the claims and disputes between these law firms is unnecessary "to enable [the] court to function successfully, . . . to manage its proceedings, vindicate its authority, and effectuate its decrees."

The federal courts lack supplemental or ancillary jurisdiction over fee disputes that do not arise as a matter of necessity from anything which occurred in the underlying litigation, or over which the court does not have control over the fee in dispute.  Nor do the federal courts have jurisdiction over independent state law fee division claims between non-diverse lawyers or law firms who are not parties to the case which do not directly involve their clients. *Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981); *Bounougias v. Peters*, 369 F.2d 247, 249 (7th Cir. 1966); and *Adams v. Allied Chem. Corp.,* 503 F.Supp. 253, 255 (E.D.Va.1980).  *Taylor* has been widely followed by the federal courts.[13]  *In re Pantopaque Products Liab. Litig.*, 938 F. Supp. 266, 268 (D.N.J. 1996) further emphasized that a client's attorney is not a party to the case and private fee disputes among the attorneys are not the court's concern.[14]

In *Womack v. Dolgencorp., Inc.*, 957 F. Supp. 2d 1350, 1358–59 (N.D. Ala. 2013) is a case very much like this one.  *Womack* involved a class action fee dispute among lawyers that was not disclosed to the court before the order approving the settlement and dismissing the case was

---

[13]  See *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294 (7th Cir.1995); *Cooper v. IBM Pers. Pension Plan*, 240 Fed. Appx. 133, 135 (7th Cir. 2007) (nonparty lawyer sanction for filing such a frivolous claim in federal court); *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004); *Tamosaitis v. URS Corp.*, CV-11-5157-LRS, 2016 WL 236230, at *2–3 (E.D. Wash. Jan. 20, 2016); *Woodson v. City of Richmond, Va.*, 3:13CVL34, 2015 WL 2256576, at *4 (E.D. Va. May 13, 2015) (fee dispute between departing lawyers and their former law firm); *Womack v. Dolgencorp., Inc.*, 957 F.Supp.2d 1350 (N.D. Ala. 2013); *Barrera v. Gamestop Corp.*, 2:09-CV-01399-ODW EX, 2012 WL 1470170, at *1 (C.D. Cal. Apr. 27, 2012); *Aikens v. Deluxe Fin. Servs., Inc.*, CIV.A.01-2427-CM-DJW, 2006 WL 2714513, at *1 (D. Kan. Sept. 22, 2006) (mediator's fee dispute); *In re Pantopaque Products Liab. Litig.*, 938 F. Supp. 266, 268 (D.N.J. 1996); *Foster v. Bd. of Trustees of Butler Cty. Cmty. Coll.*, 771 F. Supp. 1118, 1121 (D. Kan. 1991); *In re Hijacking of Pan Am. World Airways, Inc. Aircraft at Karachi Int'l Airport*, 698 F. Supp. 479, 482 (S.D.N.Y. 1988).

[14]  Plaintiffs' counsel is not a party to this litigation, which exists strictly to determine if plaintiffs have been wronged by defendants, and to remedy any wrong that may have occurred. "The interests of the attorneys to this case concern the Court only to the extent that they affect counsels' ability to pursue their clients' cases with the full vigor that the adversary process demands. Private disputes between them over economic matters have no business here." *Id*.

entered.   The court agreed it would have ancillary jurisdiction over the dispute had its order

reserved jurisdiction over that dispute.  However, the court said, "That, however, was not the case

here. The undersigned was not even aware of the dispute at the time it entered its order approving

the settlement and entering final judgment."  Relying on *Taylor v. Kelsey, supra*, the court ruled,

> The short of the matter is this: The instant dispute involves a claim between
> non-diverse law firms who were not parties in the earlier federal suit. That
> claim is a state law claim for breach of an alleged fee agreement between
> those law firms. No attorney lien has been asserted. There is not even a
> claim (as there was in *Kokkonen*) that part of the consideration for that
> alleged agreement was dismissal of the earlier federal suit. Even if there
> were such a claim,
>
>> [n]o federal statute makes that connection (if it
>> constitutionally could) the basis for federal-court
>> jurisdiction over the contract dispute. The facts to be
>> determined with regard to such alleged breaches of contract
>> are quite separate from the facts to be determined in the
>> principal suit, and automatic jurisdiction over such contracts
>> is in no way essential to the conduct of federal-court
>> business.
>>
>> *Id.*
>
> Nor did this court retain jurisdiction to decide the instant dispute. "Absent
> such action," determination of the dispute "is for state courts, unless there
> is some independent basis for federal jurisdiction." *Id.* at 382, 114 S.Ct.
> 1673. For the reasons previously set forth, there is no such independent
> basis present here.

*Womack*, 957 F. Supp. 2d at 1358–59.

   In *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)[15] a law firm moved to withdraw

from representing a client for non-payment of its fees.  The federal court required resolution of the

---

[15] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit
adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1,
1981.  *See also Womack v. Dolgencorp., Inc.*, 957 F. Supp. 2d 1350, 1353 (N.D. Ala. 2013)
(adopting that rule specifically regarding *Broughton v. Voss*); and *Air W. E. Commc'ns, LLC v.
State Farm Fire & Cas. Co.*, 1:10-CV-2767-JEC-SSC, 2012 WL 12835639, at *2 (N.D. Ga. Mar.
23, 2012) (same).

fee dispute as a condition of the law firm's withdrawal.  The Fifth Circuit reversed, holding, <u>the court must have an independent base of jurisdiction in the form of a separate action concerning the issue of fees</u>.  Recently, *Broughton* was cited and followed as controlling authority in the Eleventh Circuit. *Air W. E. Commc'ns, LLC v. State Farm Fire & Cas. Co.*, 1:10-CV-2767-JEC-SSC, 2012 WL 12835639, at *2 (N.D. Ga. Mar. 23, 2012) (order requiring refund of part of attorney's fee vacated as improvidently granted because the district court lacked jurisdiction over fee disputes).

Each case EHDH cites as supporting this Court's jurisdiction over its claims involves an <u>attorney-client dispute related to the underlying litigation</u>.[16]  This case does not involve such a dispute. *Novinger v. E.I. DuPont de Nemours & Co., Inc.*, 809 F.2d 212, 217–18 (3d Cir. 1987) holds, "We leave for another day the question whether ancillary jurisdiction extends to the resolution of a post settlement fee dispute between two attorneys, only one of whom was attorney of record.  *See Taylor v. Kelsey,* 666 F.2d 53 (4th Cir.1981) (*per curiam*)."  *Id.* at 218, fn. 4.

EHDH cites no case supporting exercise of federal jurisdiction over a fee dispute between attorneys unless there is an independent basis for federal jurisdiction, such as federal question jurisdiction, diversity jurisdiction, *in rem* jurisdiction over the funds, or resolving a fee dispute is necessary because of something that occurred in the case itself, *i.e.* a settlement agreement in which

---

[16]   *Hogben v. Wyndham Int't, Inc.*, No. 05-20944-Civ, 2007 U.S. Dist. LEXIS 44792, AT *13 (S.D. Fla. Aug. 1, 2007) (ancillary jurisdiction applies only to attorney's fee disputes between a party and his attorneys for work done in the pending case); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999); *Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746 (4th Cir. 2003); *Novinger v. E.I. DuPont de Nemours & Co., Inc.*, 809 F.2d 212, 217–18 (3d Cir. 1987); *Kalyawongsa v. Moffett*, 105 F.3d 283, 284–86 (6th Cir. 1997); *Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc.*, 863 F.2d 251, 252–54 (2d Cir. 1988); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 520 F. Supp. 635 (D. Minn. 1981); *Andrews v. Cent. Sur. Ins. Co.*, 295 F. Supp. 1223, 1225 (D.S.C. 1969): *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977).

resolution of the fee dispute between the attorneys is necessary to resolve the main case.  Here, no independent jurisdictional basis exits.

EHDH misquotes *Kokkonen 511 U.S. at 377, 114 S.Ct. at 1676* at p. 6 of its brief by taking it out of context, and pretending the dispute there was incidental to the underlying case properly before the Court.  However, *Kokkonen* held the dispute was not incidental to a case properly before the court, and ordered the case dismissed for lack of subject matter jurisdiction.  State law fee disputes between attorneys, are treated differently for jurisdictional purposes than attorney-client fee disputes related to the underlying litigation.[17]  Federal courts have supplemental or ancillary jurisdiction over attorney-client fee disputes directly related to the litigation, but do not have such jurisdiction over fee disputes between attorneys even if they are indirectly related to the litigation. *See Taylor,* 666 F.2d at 53.

No case cited by EHDH supports the Court's jurisdiction over EHDH's claims to allocate fees as between it and FBG and Werner.  Therefore, the EHDH motion should be denied for lack of subject matter jurisdiction.

2.    **The Court lacks personal jurisdiction over FBG and Werner and EHDH to adjudicate the controversies between them**.

EHDH is not a party to this action, and has not moved to intervene as a party and assert claims against FBG and Werner, as required by 28 U.S.C. § 1367(a) (supplemental jurisdiction includes claims and involves joinder or intervention of additional parties) and Fed.R.Civ.Pr. 24(c) (a motion to intervene must be served, including a pleading setting forth the intervenors' claims).  Intervention by EHDH and adding FBG and Werner as parties to this action is required to confer jurisdiction on this Court.  A federal court may only adjudicate the claims of persons who are

---

[17]  This Court recognized and applied this principle in *Hogben v. Wyndham Int't, Inc.*, No. 05-20944-Civ, 2007 U.S. Dist. LEXIS 44792, AT *13 (S.D. Fla. Aug. 1, 2007).

parties before it. *SEC v. Investors Sec. Leasing Co.,* 610 F.2d 175, 177–78 (3rd Cir. 1979) (district courts do not have jurisdiction to consider claims of nonparties).  Here EHDH, a nonparty, seeks enforcement of rights against Respondents, also non-parties, which allegedly run to EHDH, rather than to any party.  EHDH must first seek to intervene under Rule 24 before it may assert its claims in this case.  *In re Fine Paper Antitrust Litigation,* 695 F.2d 494, 499 (3d Cir.1982) (absent intervention nonparties are without standing to present claims to a court); *Cooper v. IBM Pers. Pension Plan*, 240 Fed. Appx. 133, 135 (7th Cir. 2007); *In re Pantopaque Products Liab. Litig.*, 938 F. Supp. 266, 273 (D.N.J. 1996); *Foster v. Bd. of Trustees of Butler Cty. Cmty. Coll.*, 771 F. Supp. 1118, 1120 (D. Kan. 1991).

However, exercise of supplemental jurisdiction by intervention is prohibited in this case by 28 U.S.C. § 1367(b) because there is no complete diversity between EHDH, FBG, and Werner.[18]  *Foster v. Bd. of Trustees, supra*.

The Court has issued no order allowing intervention, or (just as importantly) adding FBG and Werner as parties to this action.  No summons, order, *rule nisi*, or other legal process has been issued by the Court or served on Respondents subjecting them to the Court's personal jurisdiction to adjudicate any controversy between them and EHDH.

The EHDH motion should be denied because the Court lacks personal jurisdiction over either EHDH or Respondents to adjudicate their rights as none of them are parties to this case.

3.     **The Court lacks *in rem* jurisdiction over the fees in dispute.**

---

[18]     28 U.S.C. § 1367(b) provides:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs . . . seeking to intervene as plaintiffs under Rule 24 of such rules, <u>when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332</u>.  (Emphasis added).

No charging lien has been filed against the funds the Class Administrator is holding because under ¶ 4(b) of the Agreement (Stone Declaration, Exhibit 4), the parties agreed not to assert liens against this case or its proceeds, but to protect their interests pay placing the funds at issue in an escrow account.  The EHDH, FBG, and Werner agreed First American Bank & Trust of Athens, Georgia was to be the escrow agent.  EHDH has breached that agreement by directing the Class Administrator to hold the funds, not pay them to BME, and preventing BME from paying the fees to the escrow agent.  These funds earmarked for these fees have never been in the actual or constructive possession of this Court or its registry.

Therefore, the EHDH motion should be denied for lack of subject matter and personal jurisdiction.

July 10, 2017                                                   Respectfully submitted,

                                                                    s/Steven D. Weber
                                                                Steven D. Weber
                                                                Fla. Bar. No.: 47543
                                                                **WEBER LAW, P.A.**
                                                                1221 Brickell Avenue
                                                                Suite 900
                                                                Miami, FL 33131
                                                                Tel: 305-377-8788
                                                                sweber@weberlawpa.com

                                                                *Attorneys for Werner & Associates,*
                                                                *P.C. and Fortson, Bentley & Griffin,*
                                                                *P.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system for the Southern District of Florida which will serve the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF:

**Attorneys for EHDH:**

Edward M. Mullins, emullins@reedsmith.com

**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131

**Attorneys for Plaintiffs Veronica Dorado, individually and
on behalf of a class of similarly situated persons:**

Adam Hoipkemier, adam@ehdhlaw.com
Jeffrey W. DeLoach, jwd@ehdhlaw.com
Kevin E. Epps, kevin@ehdhlaw.com
**Epps, Holloway, DeLoach & Hoipkemier, LLC**
1220 Langford Drive
Building 200, Suite 101
Watkinsville, GA 30677

Frederic J. Bold, Jr., bold@bmelaw.com
Michael B. Terry, terry@bmelaw.com
Naveen Ramachandrappa, ramachandrappa@bmelaw.com
Steven J. Rosenwasser, rosenwasser@bmelaw.com
**Bondurant Mixson & Elmore, LLP**
3900 One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

Jeremy Simons Korch, jkorch@bastamron.com
Brett Michael Amron, bamron@bastamron.com
**Bast Amron LLP**
One S.E. 3rd Avenue, Suite 1440
Miami, FL 33131
**Attorneys for Defendant Bank of America, N.A.**

Allen W. Burton (Pro Hac Vice) aburton@omm.com
**O'Melveny & Myers, LLP**
Times Square Tower
7 Times Square
New York, NY 10036

Danielle Oakley (Pro Hac Vice) doakley@omm.com
**O'Melveny & Myers, LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660

William K. Pao wpao@omm.com
**O'Melveny & Myers, LLP**
400 South Hope Street
Los Angeles, CA 90071

Alex Joseph Sabo, II asabo@bressler.com
**Bressler Amery & Ross**
200 East Las Olas Boulevard, Suite 1500
Ft. Lauderdale, FL 33301

/s/Steven D. Weber
Steven D. Weber
Florida Bar. No. 47543